```
Anna Y. Park, CA SBN 164242
Victor Viramontes, CA SBN 214158
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1091
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA ADVERTISING, LLC; GOLDEN WEST ADVERTISING, INC., and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: CV-S-_____ <br><br> **COMPLAINT— TITLE VII CIVIL RIGHTS:** <br> ■ **SEXUAL HARASSMENT** <br> ■ **RETALIATION** <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.   This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to the Charging Parties Kristine Cornejo and Steven Peaks, who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission alleges that the

-1-

1  Defendants discriminated against the Charging Parties.  Charging Party Kristine
2  Cornejo was sexually harassed or subjected to sex-based harassment during her
3  employment with Defendants.  Charging Parties Cornejo and Steven Peake were
4  subjected to retaliation for participating in a protected activity, complaining about
5  and opposing the hostile work environment and participating in a protected
6  activity.

## JURISDICTION

8      2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
9  1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §
10 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
11 2000e-3; §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as
12 amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil
13 Rights Act of 1991, 42 U.S.C. § 1981a.

## VENUE

15     3.    The employment practices alleged to be unlawful were committed
16 within the jurisdiction of the United States District Court for the District of
17 Nevada.

## PARTIES

19     4.    Plaintiff, the U.S Equal Employment Opportunity Commission
20 ("EEOC" or "Commission"), is the agency of the United States of America
21 charged with the administration, interpretation and enforcement of Title VII, and is
22 expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII,
23 42 U.S.C. § 2000e-5(f)(1) and (3).
24     5.    At all relevant times, Defendants Nevada Advertising and Golden
25 West Advertising, Inc. have doing business in the State of Nevada, County of Elko,
26 and have continuously had at least 15 employees.
27 ///
28 ///

1   6.   During the relevant periods alleged in this Complaint, Defendants Nevada Advertising and Golden West Advertising, Inc. ("Defendants") have employed the Charging Parties.

7.   At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.   All of the acts and failures to act alleged were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, or under the direction and control of the others, except as specifically alleged otherwise. These acts and failures to act were within the scope of this agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9.   Plaintiff is ignorant of the true names and capacities of each "Defendant," sued as DOE 1 through 10, inclusively, and therefore Plaintiff sues these "Defendant Employers" by such fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE "Defendant" individually or corporately as they become known. Plaintiff alleges that each "Defendant" named as DOE was in some manner responsible for these acts and omissions alleged and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

10.   It is further alleged on information and belief that the unnamed defendants in the complaint are mere alter egos of the "Defendants" Nevada Advertising and Golden West Advertising, Inc. The remaining defendants are properly named in the complaint.

///

## CONCILIATION

11. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U,S,C, §§ 2000e-5(f)(1) and (3). All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. From at least as early as May 12, 2004, Defendant Employers individually and collectively engaged in unlawful employment practices at their Elko, Nevada, location, consequently violating § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

14. The unlawful sexual harassment and sex based harassment of Charging Party Cornejo was in the form of physical, verbal, and visual harassment. Charging Party Cornejo was subjected to degrading acts that affected the terms and conditions of her employment and created a hostile working environment at that resulted in a tangible employment action.

15. In addition, the Defendant Employer retaliated against Charging Parties Peake and Cornejo which led to their termination for opposing and complaining about the hostile work environment and/or participation in a protected activity.

16. Defendants' conduct deprived Charging Parties Cornejo and Peake of equal employment opportunities and otherwise adversely affected their employment status.

17.     These unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of the Charging Parties. These unlawful employment practices are willful within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and caused the Charging Parties to suffer emotional distress.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sex discrimination, retaliation, and any other employment practice which discriminates on the basis of sex or on the basis of engaging in a protected activity.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for those who engage in protected activities, and which eradicate the effects of their past unlawful employment practices.

C.     Order Defendants to make whole Charging Parties, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to compensation for loss of seniority and benefits, plus prejudgment interest.

D.     Order Defendants to make whole Charging Parties, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendants to make whole Charging Parties by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

-5-

F.  Order Defendants to pay Charging Parties punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated: September 29, 2006.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANNA Y. PARK
Regional Attorney